UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GERJUAN TYUS

      v.                                             CASE NO. 3:13cv1486 (SRU)

ROGER NEWTON, ET AL.

**RULING AND ORDER**

In October 2013, in both this Court and the Connecticut Superior Court for the Judicial

District of New London, the plaintiff filed civil rights complaints against defendants City of New

London, County of New London, City of New London Police Department, Chief of New London

Police Department Margaret Ackley, Lieutenants Brian Wright and Todd Bergeson, Sergeants

Christina and Kevin McBride, Officers Roger Newton, Todd Lynch, Zelinski, Timothy

Henderson, Liachenko, Marcaccio, Pelchat, Melissa Schafranski, Darrin Omara, Lamontagne

and Bureau of Alcohol, Tobacco and Firearms ("ATF") Agents Wheeler, Scott Riordan, Robert

Harrison, Dennis Turman and Guy Thomas.  On November 19, 2013, the defendants in the case

filed in New London Superior Court removed that action to this Court.  (*See Tyus v. City of New*

*London, et al.*, Case No. 3:13cv1726 (SRU), Pet. Removal, Doc. No. 1.)

On January 6, 2014, the court granted a motion to consolidate the present case with the

action that had been removed to this court by the defendants, *Tyus v. City of New London, et al.*,

Case No. 3:13cv1726 (SRU).   The present case is the lead case and the member case, *Tyus v.*

*City of New London, et al.*, Case No. 3:13cv1726 (SRU), has been closed.

On January 8, 2014, defendants City of New London, New London Police Department,

Ackley, Wright, Christina, McBride, Newton, Lynch, Bergeson, Zelinski, Henderson, Liachenko, Marcaccio, Pelchat, Schafranski, Omara and Lamontagne moved to dismiss certain claims against them.  On February 10, 2014, the plaintiff moved for leave to file an amended complaint.   Also pending before the court are motions for appointment of counsel filed by the plaintiff.

**I.        Motion for Leave to Amend [Doc. No. 29]**

The plaintiff has moved for leave to file an amended complaint to address the deficiencies set forth in the motion to dismiss.  The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion to dismiss, for more definite statement or to strike, whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Because the plaintiff's Motion to Amend was filed more than 21 days after service of the Complaint and the filing of the motion to dismiss, the plaintiff may not file an amended complaint as of right.  After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The plaintiff seeks to eliminate the New London Police Department and County of New London as defendants and to clarify his claims against certain defendants.  In the proposed Amended Complaint, the plaintiff lists the City of New London, Chief of New London Police Department Margaret Ackley, Lieutenants Brian Wright and Todd Bergeson, Sergeants Christina and Kevin McBride, Officers Roger Newton, Todd Lynch, Timothy Henderson,  Melissa Schafranski, Darrin Omara, Zelinski, Liachenko, Marcaccio, Pelchat, Lamontagne ("the New London Defendants") and ATF Agents Wheeler, Scott Riordan, Robert Harrison, Dennis

Turman and Guy Thomas (the "ATF defendants") as defendants.

The New London defendants object to the motion to amend and raise various arguments as to the sufficiency of the allegations in the proposed Amended Complaint.  The New London defendants have not demonstrated how they will be prejudiced if the court permits the filing of the Amended Complaint.  Accordingly, the court concludes that justice requires the plaintiff to be permitted to file an amended complaint to eliminate the County of New London and the New London Police Department as defendants, to eliminate some of his conspiracy claims against the remaining defendants and to clarify and elaborate on his claims regarding searches, traffic stops and arrests conducted by the defendants in 2009 and 2011.  Thus, the Motion to Amend is granted.  The Clerk shall docket the proposed Amended Complaint attached to plaintiff's Motion to Amend.   Because the court has granted the plaintiff leave to file an amended complaint, the motion to dismiss claims in the Complaint is denied without prejudice.

## II.      Amended Complaint

The plaintiff asserts a number of claims and counts against the New London and ATF defendants. He claims that on November 9, 2009, defendants New London Police Officers Lynch, Henderson, Pelchat and Newton and defendants ATF Agents Riordan and Wheeler arrested him on federal criminal charges.   The plaintiff's federal criminal case reflects that on October 30, 2009, a United States Magistrate Judge issued a warrant for the plaintiff's arrest on federal criminal charges.  On November 9, 2009, officers executed a warrant for the plaintiff's arrest on federal criminal charges of conspiracy to possess and possession with intent to distribute narcotics.  A United States Magistrate Judge arraigned the plaintiff that same day.  On October 6, 2010, a jury in the United States District Court for the District of Connecticut at

Hartford acquitted him of all federal criminal charges.   (*See United States v. Tyus, et al.*, Case No. 3:09cr247 (RNC), Judgment of Acquittal, Doc. No. 494, Oct. 7, 2010.)   The plaintiff was then released from federal custody.

The plaintiff alleges that defendants Newton, Pelchat, Lynch, Henderson, Lamontagne, McBride stopped him in his vehicle on January 18, 2011 and January 22, 2011 in New London, Connecticut for either failing to display a front marker plate or failing to have a working front market-plate light.   These defendants improperly searched the plaintiff based on their claim that they had smelled marijuana in the car.   On both occasions, the officers found a knife and cash in the plaintiff's pocket, returned those items to the plaintiff and issued him traffic tickets for the problems with the front marker plate.

On February 5, 2011, defendants Newton and Marcaccio pulled the plaintiff over for having tinted windows and failing to display a front marker plate.   Defendant Newton found a knife during his search of the plaintiff.   Defendants Newton, Marcaccio, Lynch and Pelchat arrested the plaintiff for carrying a dangerous weapon and transported him to the New London Police Department.   At the station, defendant Christina authorized a strip-search of the plaintiff. Defendant Lynch held the plaintiff down while Newton performed a body cavity search and Pelchat and Christina watched.   Defendant Newton found two plastic bags containing narcotics. The defendants then charged the plaintiff with multiple narcotics offenses in addition to the weapon possession offense.   A judge subsequently released the plaintiff after he posted bond.

On March 3, 2011, defendants Newton, Schafranski, Omara and Henderson stopped the plaintiff's vehicle due to an outstanding warrant for his arrest and arrested him.   Back at the New London Police station, Defendant Bergeson authorized a strip-search of the plaintiff by

defendants Henderson and Newton.

On March 4, 2011, defendants Wheeler, Turman, Riordan and Newton executed an

warrant for the arrest of the plaintiff on federal narcotics charges.  A United States Magistrate

Judge arraigned the plaintiff on the charge of possession with intent to distribute 28 grams or

more of Cocaine Base/Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).

On February 21, 2012, a United States District Judge granted the government's motion to

dismiss the federal narcotics charge against the plaintiff.   (*See United States v. Tyus*, *et al.*,

3:11cr45-1 (EBB) (Order Granting Mot. Dismiss, Doc. No. 72, Feb. 21, 2012.)  The plaintiff

claims that the charges brought against him in state court as a result of the search performed on

February 5, 2011, were subsequently dismissed as well.[1]

The plaintiff alleges that the City of New London and Chief of Police Ackley failed to

supervise and train their subordinates in connection with traffic stop and search and seizure

procedures.  In addition, the plaintiff claims that there were prior incidents involving improper

searches by defendant Newton and improper conduct by other New London police defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints

against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

relief from a defendant who is immune from such relief." *Id*.  This requirement applies both

---

[1]    The court notes, however, that the State of Connecticut Judicial website reflects that
on September 17, 2012, the plaintiff pleaded guilty to one count of carrying a dangerous weapon
in connection with his arrest by a New London officer in March 2011.  A judge sentenced the
plaintiff to three years of imprisonment. *See Connecticut v. Tyus*, Docket No. K10K-CR11-
0312202-S (Conn. Super. Ct. September 17, 2012).  Information regarding this criminal case
may be found at: http://www.jud.ct.gov/crim.htm by searching criminal convictions by defendant
under the last name of Tyus and first initial G.

where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr*

*v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil

Procedure requires that a complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).   A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of

action' or  'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial

plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v.*

*Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to

meet the standard of facial plausibility.

The plaintiff claims that his Fourth, Fifth, Sixth and Fourteenth Amendment rights were

violated in connection with November 2009 arrest on federal criminal charges by New London

and ATF defendants, the January 2011 traffic stops and pat searches by New London police

defendants, the February 2011 traffic stop, pat search, arrest and body cavity search by New

London police defendants and the March 2011 pat search and strip-search by New London

Police Defendants and arrest by ATF defendants.  The plaintiff also asserts state law tort claims

of false arrest, assault and battery, negligence and intentional infliction of emotional distress and

a claim under article first, § 9 of the Connecticut Constitution.

### A.      Sixth Amendment Claims

The plaintiff generally asserts in Count I that the defendants "harassed, retaliated and punished [him] for exercising his right to a jury trial by subjecting him to unconstitutional stop, seizure, search, and assault" in violation of the Sixth Amendment.  The plaintiff also contends in Count V that the defendants searched him and arrested him in 2011 because he had been acquitted of federal charges in 2010 and thus deprived him of his liberty in violation of the Sixth Amendment.  The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a
> speedy and public trial, by an impartial jury of the State and
> district wherein the crime shall have been committed . . . and to be
> informed of the nature and cause of the accusation; to be
> confronted with the witnesses against him; to have compulsory
> process for obtaining witnesses in his favor, and to have the
> Assistance of Counsel for his defence.

U.S. Const. amend. VI.

The court cannot discern how the conduct of the defendants as asserted by the plaintiff in the Amended Complaint constituted a violation of the plaintiff's Sixth Amendment right to a trial by jury.   Accordingly, the claims under the Sixth Amendment asserted in Counts I and V of the Amended Complaint are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

### B.      Conspiracy Claims

Count V of the Amended Complaint includes allegations of conspiracy.  The plaintiff alleges that all defendants conspired to deprive him of his liberty in violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights when they arrested him without probable cause and

searched him in an unreasonable manner on February 5, 2011 and searched him again in

unreasonable manner on March 3, 2011.   The plaintiff claims that defendants violated his rights

under 28 U.S.C. § 1985(3).

Section 1985(3) of Title 42 of the United States Code provides a right of action to

redress, inter alia, injury resulting from a conspiracy to deprive "any person or class of persons

of the equal protection of the laws."  42 U.S.C. § 1985(3).  In order to state a claim under section

1985(3), plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of

the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or

the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the

conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.

*See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).   Importantly, plaintiff must show that

the conspiracy was motivated by a "racial, or perhaps otherwise class-based invidiously

discriminatory animus."  *Id.* at 102.  Section 1985(3) may not be construed as a "general federal

tort law;" it does not provide a cause of action based on the denial of due process or other

constitutional rights.  *See id.* at 101-02.

The plaintiffs' allegations of conspiracy on the part of the defendants are conclusory.

Furthermore, the plaintiff does not allege that the actions of the defendants were taken because

of his race or other class-based discriminatory animus.  Thus, plaintiff fails to state a claim

cognizable under section 1985(3).  The conspiracy claims in the Amended Complaint (other than

the conspiracy claims brought under the Sixth Amendment, which were dismissed for the

reasons stated above) are dismissed without prejudice to repleading within thirty days.

    **C.**    **Remaining Claims**

The court concludes that the remaining federal claims under the Fourth, Fifth and Fourteenth Amendments and state law tort and constitutional claims will proceed against the defendants in their individual and official capacities.

### III.     Motions for Appointment of Counsel [Docs Nos. 13, 16, 30]

The first and second motions for appointment of counsel are essentially identical.  The plaintiff states that he sent letters to three attorneys, but did not hear back from any of them.   In the third motion, the plaintiff attaches letters from four attorneys and a legal assistance organization declining to represent him.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  In *Cooper v. Sargenti*, 877 F.2d 170 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Id.* at  173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171.   Once the court determines that the plaintiff meets the test of likely merit, the court will consider "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of legal issues and the need for expertly conducted cross-examination to test veracity." *Id.* at 172.

The plaintiff has just filed an Amended Complaint.  In addition, some of the defendants have yet to be served with the Amended Complaint.  Given the preliminary posture of the case and the fact that the plaintiff has submitted an affidavit of a fellow inmate who is experienced in

litigating cases in federal court and has offered to assist the plaintiff with this case, the court

determines that the appointment of *pro bono* counsel is not warranted at this time.

Accordingly, plaintiff's Motions for Appointment of Counsel are denied without prejudice.

## ORDERS

(1)      The Motion for Leave to Amend [**Doc. No. 29**] is **GRANTED** over the

defendants' objection.  **The Clerk shall docket the Amended Complaint attached to the**

**motion to amend.**  The Motion to Dismiss [**Doc. No. 15**] is **DENIED** without prejudice.

(2)      The Sixth Amendment claims in Count I and Count V of the Amended Complaint

 are **DISMISSED** pursuant to  28 U.S.C. § 1915A(b)(1).  Thus, all claims in Count I and all

claims brought under the Sixth Amendment are **DISMISSED**.  The conspiracy claims contained

in Count V of the Amended Complaint brought for violation of the plaintiff's Fourth, Fifth, and

Fourteenth Amendment rights are **DISMISSED** without prejudice to repleading to cure the

deficiencies within thirty (30) days of this Order.  The remaining federal claims under the

Fourth, Fifth and Fourteenth Amendments and state law tort and constitutional claims as set

forth in Counts II, III(a), III(b), IV, VI, VII, VIII, IX, X, XI and XII[2] will proceed against the

defendants in their individual and official capacities.  The Motions for Appointment of Counsel

[**Docs. Nos. 13, 16, 30**] are **DENIED** without prejudice.  The plaintiff may renew his motion at a

later stage of the litigation.

(3)      **Within twenty-one days of this Order**, the Clerk shall prepare a summons form

---

[2]     The Court notes that there are two counts labeled Count III, two counts labeled Count IX and two counts labeled Count X. The Court construes the first Count III as Count III(a) and the second Count III as Count III(b).  The Court construes the second Count IX as Count XI and the second Count X as Count XII.  (*See* Amended Complaint at 21-22, 25-27.)

and deliver three copies of the summons, Amended Complaint and any attachments to the United States Attorney for the District of Connecticut, at any one of the three offices: 157 Church Street, 23rd Floor, New Haven, Connecticut 06510; 450 Main Street, Room 328, Hartford, Connecticut 06103; or 915 Lafayette Boulevard, Bridgeport, Connecticut 06604; **and** send two copies of the summons, Amended Complaint and any attachments by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530; **and** send one copy of the summons, Amended Complaint and any attachment by registered or certified mail to the ATF Agent in Charge, 150 Court Street, Room 643, New Haven, Connecticut 06510.

(4)      **Within twenty-one days of this Order**, the Clerk shall prepare and mail Notice of Lawsuit and Waiver of Service of Summons forms together with a copy of this Order and the Amended Complaint to ATF Agents Wheeler, Scott E. Riordan, Robert Harrison, Dennis Turman and Guy Thomas in their individual capacities at the ATF Field Office, 150 Court Street, Room 643, New Haven, Connecticut 06510.

(5)      The New London and ATF defendants shall file their responses to the Amended Complaint, either an answer or motion to dismiss, within sixty (60) days from the date of this Order.

(6)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this Order.  Discovery requests need not be filed with the Court.

(7)      All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

SO ORDERED this 29th day of April 2014, at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE