UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERJUAN TYUS,<br>        Plaintiff, | No. 3:13-cv-1486 (SRU) |
| v. | |
| ROGER NEWTON, *et al.*,<br>        Defendants. | |

## RULING ON FEDERAL DEFENDANTS' MOTION TO DISMISS

Gerjuan Tyus is currently incarcerated at Northern Correctional Institution in Somers,

Connecticut. In October 2013, in both this Court and the Connecticut Superior Court for the

Judicial District of New London, the plaintiff filed a civil rights action against defendants City of

New London, County of New London, City of New London Police Department, Chief of New

London Police Department Margaret Ackley, Lieutenants Brian Wright and Todd Bergeson,

Sergeants Christina and Kevin McBride, Officers Roger Newton, Todd Lynch, Zelinski,

Timothy Henderson, Liachenko, Marcaccio, Pelchat, Melissa Schafranski, Darrin Omara,

Lamontagne and Alcohol, Tobacco, Firearms and Explosives ("ATF") Agents Wheeler, Scott

Riordan, Robert Harrison, Dennis Turman and Guy Thomas. On November 19, 2013, the

Superior Court defendants removed the state court action to this court. (*See Tyus v. City of New

London, et al.*, 3:13-cv-1726 (SRU), Pet. Removal, Doc. No. 1).

On January 6, 2014, the present case was consolidated with the action that had been

removed to this Court by the defendants, *Tyus v. City of New London, et al.*, 3:13-cv-1726

(SRU). The present case is the lead case, and the member case, *Tyus v. City of New London, et

al.*, 3:13-cv-1726 (SRU), has been closed.

On April 29, 2014, the court granted the plaintiff leave to file an amended complaint,

denied without prejudice the motion to dismiss filed by the New London defendants, and

dismissed the Sixth Amendment claims in Count I of the Amended Complaint and the

conspiracy claims contained in Count V of the Amended Complaint pursuant to 28 U.S.C. §

1915A(b)(1). Thus, all claims in Count I and the conspiracy claims in Count V of the Amended

Complaint have been dismissed. The remaining federal claims under the Fourth, Fifth and

Fourteenth Amendments and state law tort and constitutional claims as set forth in Counts II,

III(a), III(b), IV, V, VI, VII, VIII, IX, X, XI and XII[1] remain pending against the ATF

defendants and the New London defendants in their individual and official capacities.

In June 2014, the New London defendants moved to dismiss some claims against them.

On March 31, 2015, the court granted in part and denied in part the motion to dismiss filed by

the New London defendants.[2]

---

[1] There are two counts labeled Count III, two counts labeled Count IX and two counts labeled Count X. This ruling will refer to the first Count III as Count III(a) and the second Count III as Count III(b), and will refer to the second Count IX as Count XI and the second Count X as Count XII. (*See* Am. Compl. at 21-22, 25-27).

[2] The motion to dismiss was granted with respect to all claims against defendants Zelinski and Liachenko, all federal claims against defendant Ackley in her individual and official capacities, the claim that defendants Officers Newton, Lynch, Pelchat and Marcaccio falsely arrested the plaintiff on March 3, 2011, the claims under Article I, sections 7 and 9 of the Connecticut Constitution against defendants Ackley and the City of New London, and the state law claims of negligence and intentional and negligent infliction of emotional distress and under Article I, section 10 of the Connecticut Constitution against all defendants. The motion to dismiss was denied in all other respects.

With regard to the New London defendants, the case proceeds with respect to the Fourth Amendment search and seizure and excessive force claims, the Fourteenth Amendment equal protection claim and the state law claims of assault and battery against defendants Wright, Bergeson, Christina, McBride, Lynch, Henderson, Marcaccio, Pelchat, Melissa Schafranski, Omara and Lamontagne in their individual and official capacities, the Connecticut Constitutional Claims under Article I, sections 7 and 9 against defendants Wright, Bergeson, Christina, McBride, Lynch, Henderson, Marcaccio, Pelchat, Melissa Schafranski, Omara and Lamontagne in their individual capacities and the Fourth and Fourteenth Amendment claims against the City of New London.

The ATF defendants have moved to dismiss the claims against them pursuant to Rule

12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted.

## I.        Standard of Review

A federal court must ensure the presence of subject matter jurisdiction as a threshold

matter before proceeding to the merits of a case. *See, e.g.*, *Wynn v. AC Rochester*, 273 F.3d 153,

157 (2d Cir. 2001). The plaintiff bears the burden of proving, by a preponderance of evidence,

that the court has subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113

(2d Cir. 2000).

In reviewing a Rule 12(b)(1) motion to dismiss, the court takes the "facts alleged in the

complaint as true and draws all reasonable inferences in favor of the plaintiff." *Natural*

*Resources Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation and internal

quotation marks omitted). When the existence of subject matter jurisdiction is challenged, the

court may properly consider evidence outside of the pleadings submitted on this issue to

determine whether subject matter jurisdiction exists. *See State Employees Bargaining Agent*

*Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

When deciding a motion to dismiss for failure to state a claim upon which relief may be

granted under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and

draws inferences from those allegations in the light most favorable to the plaintiff. *See Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d

Cir. 2003). The court's review is limited to "the facts alleged in the pleadings, documents

attached as exhibits or incorporated by reference in the pleadings and matters of which judicial

notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). The

court considers not whether the plaintiff ultimately will prevail, but whether he has asserted sufficient facts to entitle him to offer evidence to support his claim. *See York v. Association of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). Even under this standard, however, the court liberally construes a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (*per curiam*) (internal quotation marks and citations omitted).

## II.    Facts

The court accepts as true the following allegations taken from the Amended Complaint as they relate to the defendants identified as ATF Agents Wheeler, Scott Riordan, Robert Harrison, Dennis Turman and Guy Thomas.

In November 2009, unidentified individuals arrested Tyus on federal criminal charges,

including conspiracy and possession and distribution of narcotics. Tyus believes that the arrest

resulted from a joint investigation conducted by officers of the New London Police Department

and ATF Agents Riordan and Wheeler. On October 6, 2010, a jury in this Court acquitted the

Tyus of all federal criminal charges in connection with his November 2009 arrest. *See United

States v. Muller, et al.*, 3:09-cr-247 (RNC) (Judgment of Acquittal after Jury Trial, Doc. No.

494).

When Tyus returned to the City of New London, officers within the City of New London

Police Department began to follow him on a regular basis. Officers pulled Tyus over on January

18, 2011 and on January 22, 2011 and charged him with several traffic violations, but did not

arrest him. On February 5, 2011, New London Police officers pulled Tyus over, searched him,

arrested him on charges of possession of a dangerous weapon and transported him to the New

London police station. At the station, a body cavity search of the plaintiff allegedly revealed

multiple plastic bags of narcotics. New London officers also charged Tyus with possession of

narcotics. Officers subsequently released him on bond.

Based on Tyus's February 5, 2011 arrest, ATF Agents Riordan, Wheeler, Turman and

Thomas sought a warrant for his arrest on federal drug possession charges. On March 3, 2011,

New London Police officers stopped Tyus's vehicle because there was an outstanding federal

warrant for his arrest. Officer Newton asked Tyus to exit the vehicle because he said that he

smelled the odor of marijuana in the car. During a pat-search, Officer Newton removed cash and

a knife from Tyus, arrested him pursuant to the outstanding federal arrest warrant as well as on a

state charge of possession of a dangerous weapon, and then transported him to the New London

Police station.

On March 4, 2011, ATF Agents Riordan and Wheeler transported Tyus to federal court for a hearing on the drug possession charge for which he was arrested on March 3, 2011. On March 10, 2011, a federal grand jury indicted Tyus on one count of possession of narcotics with intent to distribute in violation of federal criminal statutes 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). *See United States v. Tyus*, 3:11-cr-45 (EBB) (Doc. No. 9). On April 8, 2011, Tyus pleaded not guilty to the charge at his arraignment before a United States Magistrate Judge. *See id.* at (Doc. No. 16).

On February 17, 2012, the United States moved to dismiss the federal criminal charges against Tyus after they became aware that on a prior occasion one of the arresting New London Police officers had been identified as having planted drugs on a suspect during an arrest. *See id.* at (Doc. No. 71). On February 21, 2012, the Court granted the motion to dismiss. (*See id.* at Doc. No. 72).

On September 17, 2012, Tyus pleaded guilty to one count of carrying a dangerous weapon in connection with his arrest by New London Police officers on March 3, 2011. A Superior Court Judge sentenced the plaintiff to three years of imprisonment. *See Connecticut v. Tyus*, Docket No. K10K-CR11-0312202-S (Conn. Super. Ct. Sept. 17, 2012).[3]

## III.   Discussion

The ATF defendants assert that the claims against them should either be dismissed pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because defendants Harrison, Wheeler, Riordan, Turman and Thomas are federal employees, the court

---

[3] Information regarding this criminal case may be found at: http://www.jud.ct.gov/crim.htm by searching criminal convictions by defendant under the last name of Tyus and first initial G.

construes the action as having been filed against them pursuant to *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). In *Bivens*, the Supreme

Court held that federal officials may be sued for damages in their individual capacities for the

violations of a person's constitutional rights. Thus, a *Bivens* action is the nonstatutory federal

counterpart of a civil rights action pursuant to 42 U.S.C. § 1983. *See Ellis v. Blum*, 643 F.2d 68,

84 (2d Cir. 1981).

### A.      Subject Matter Jurisdiction

The ATF defendants argue that the claims for monetary damages against them in their

official capacities, the claims for injunctive and declaratory relief, and the state law claims must

be dismissed for lack of subject matter jurisdiction. Tyus does not address that argument.

### 1.      Official Capacity Claims for Money Damages

Tyus seeks monetary damages from defendants Wheeler, Riordan, Turman and Thomas

in their individual and official capacities. A lawsuit against a federal official in his official

capacity or a federal agency in its official capacity is considered a lawsuit against the United

States. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509-10 (2d Cir. 1994). The

doctrine of sovereign immunity protects the United States from suit absent consent. *See FDIC v.*

*Meyer*, 510 U.S. 471, 475 (1994). "Because an action against a federal agency or federal officials

in their official capacities is essentially a suit against the United States, such suits are also barred

under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson*, 21 F.3d

at 510 (citations omitted). Thus, "[t]he waiver of sovereign immunity is a prerequisite to subject-

matter jurisdiction." *Presidential Gardens Assocs. v. United States ex. rel. Secretary of Housing*

*and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).

Any waiver of sovereign immunity must be "unequivocally expressed" and may not be implied. *United States v. Testan*, 424 U.S. 392, 399 (1976). Because Tyus has not asserted any claims for which the United States has waived sovereign immunity against the ATF defendants in their official capacities, the motion to dismiss is granted with respect to all claims for monetary damages against defendants Wheeler, Riordan, Turman and Thomas in their official capacities on the ground that the court lacks subject matter jurisdiction over those claims. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (*Bivens* claim may be brought against an "offending individual officer" in his or her individual capacity, but not against the Bureau of Prisons, the United States, or the individual officer in his or her official capacity for money damages).

### 2.      Declaratory and Injunctive Relief

Tyus seeks a declaration that the ATF defendants violated his federal rights as well as his rights under state law. In addition, Tyus seeks injunctive relief in the form of an order prohibiting the ATF defendants, their subordinates, their agents, their employees, their successors in office and all other individuals who might act together with the defendants, from punishing or harassing him or engaging in retaliatory action against him. The ATF defendants argue that neither injunctive nor declaratory relief may be awarded by the court in a *Bivens* action.

The Second Circuit has held that "[t]he only remedy available in a *Bivens* Action is an award for monetary damages from the defendants in their individual capacities." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (citing *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998)). Because Tyus may only recover monetary damages in a *Bivens* action, the motion to dismiss the claims for injunctive and declaratory relief is granted.

### 3.      State Law Claims

Tyus claims that the ATF defendants were grossly negligent and subjected him to

emotional distress. The plaintiff also mentions the tort of false arrest and violations of Article I,

§§ 9 and 10 of the Connecticut Constitution. The ATF defendants argue that any state law tort

claim or state constitutional claim based on their acts or omissions may only be brought against

the United States under the Federal Tort Claims Act.

The Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the federal

government for claims based on the negligence of its employees." *Coulthurst v. United States*,

214 F.3d 106, 108 (2d Cir. 2000). Specifically, the Federal Tort Claims Act authorizes suits

against the government to recover damages

> for injury or loss of property, or personal injury or death caused by
> the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(2).

The United States is the only proper party in a suit seeking monetary damages for torts

committed by federal employees. *See* 28 U.S.C. §§ 1346(b)(1) and 2674; *Mignogna v. Sair

Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (stating that an action under the FTCA "must be

brought against the United States rather than an agency thereof"); *C.P. Chem. Co., Inc. v. United

States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("[O]nly the United States may be held liable for torts

committed by a federal agency, and not the agency itself.")  Even if the court were to treat the

FTCA claim as having been brought against the United States, it would fail. An FTCA claim

against the United States may not be asserted in the United States District Court unless the

9

plaintiff has first exhausted his or her administrative remedies. Specifically, the FTCA provides

that:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful act or omission
> of any employee of the Government while acting within the scope
> of his office or employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by
> certified or registered mail. The failure of an agency to make final
> disposition of a claim within six months after it is filed shall, at the
> option of the claimant at any time thereafter, be deemed a final
> denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Thus, failure to file a claim for damages with the appropriate agency

precludes the district court from exercising jurisdiction over such a claim. *See Keene Corp. v.*

*United States*, 700 F.2d 836, 841 (2d Cir. 1983).

The FTCA also includes limitations periods for filing a claim and for filing a lawsuit in

federal court. An FTCA claim is time-barred unless a claimant presents the claim in writing to

the appropriate Federal agency within two years after the claim accrues. *See* 28 U.S.C. §

2401(b). Any lawsuit in federal court asserting an FTCA claim must be commenced within six

months of either the final agency denial of the claim or the expiration of six months after the

presentation of the claim, whichever comes first. Failure to timely and completely exhaust

administrative remedies prior to filing a complaint operates as a jurisdictional bar to proceeding

in federal court. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993) ("FTCA bars

claimants from bringing suit in federal court until they have exhausted their administrative

remedies").

There are no allegations to suggest that Tyus has exhausted any FTCA claim prior to

filing this action. Accordingly, because the court lacks subject matter jurisdiction over the

plaintiff's state law claims, the motion to dismiss is granted with respect to all state law claims

against the ATF defendants.

### B.       Failure to State a Claim Upon Which Relief May Be Granted

The ATF defendants argue that Tyus has failed to set forth allegations to: (1) state a claim

that Agents Turman, Thomas, Riordan or Wheeler violated his due process rights under the

Fourteenth Amendment and (2) to state a claim that Agents Turman, Thomas, Riordan or

Wheeler violated his rights under the Fourth Amendment. In addition, the defendants argue that

they are entitled to qualified immunity. Tyus has not addressed these arguments.

### 1.       Defendant Robert Harrison

Robert Harrison is identified by the plaintiff as an ATF Agent. He is not otherwise

mentioned in the Amended Complaint. Furthermore, he has never been served with a copy of the

Amended Complaint.[4]

Because Tyus does not include any facts in the Amended Complaint pertaining to

defendant Harrison, he has not alleged that he violated his federally or constitutionally protected

rights. Thus, the claims against defendant Harrison are dismissed. *See* 28 U.S.C. §

1915(e)(2)(B)(ii) (court may dismiss "at any time" a claim on which relief may not be granted).

### 2.       Fourteenth Amendment Due Process Claim

Tyus claims that the ATF defendants violated his substantive due process rights when

they deprived him of his liberty by falsely arresting him. The allegations set forth in support of

the Fourteenth Amendment claim are duplicative of those forming the basis of Tyus's false arrest

---

[4] Counsel for defendants has informed the court that no person by the name of Robert

claim under the Fourth Amendment. Thus, no general substantive due process claim is available

to the plaintiff. *See Bryant v. City of New York*, 404 F.3d 128, 135 (2d Cir. 2005) ("The Supreme

Court has repeatedly held, that where a particular Amendment provides an explicit textual source

of constitutional protection against particular sort of government behavior, that Amendment, not

the more generalized notion of substantive due process, must be the guide for analyzing these

claims.") (quoting *Albright v. Oliver*, 510 U.S. 266, 275 (1994), and *Graham v. Connor*, 490

U.S. 386, 395 (1989)); *Pinter v. City of New York*, 976 F. Supp. 2d 539, 573 (S.D.N.Y. 2013)

("There is no cause of action for false arrest or unlawful stop under the Due Process Clause of

the Fourteenth Amendment.") (citations omitted); *Ambrose v. City of New York*, 623 F. Supp. 2d

454, 474 n.9 (S.D.N.Y. 2009) ("Plaintiff's allegation[] of false arrest . . . states a claim only

under the Fourth Amendment, and not under the Due Process Clause of the Fourteenth

Amendment.") (citation omitted). The motion to dismiss the Fourteenth Amendment substantive

due process claim is granted.

### 3.      Fourteenth Amendment Equal Protection Claim

Tyus generally asserts that the ATF defendants deprived him of his right to be free from

unlawful seizures "under the equal protection of the law." Am. Compl. at 24. The Equal

Protection Clause protects prisoners from "invidious racial discrimination." *See Overton v.*

*Bazzetta*, 539 U.S. 126 (2003) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). The Supreme

Court has recognized that "[t]he Equal Protection Clause of the Fourteenth Amendment

commands that no State shall 'deny to any person within its jurisdiction the equal protection of

the laws,' which is essentially a direction that all persons similarly situated should be treated

---

Harrison is employed by the ATF. (*See* Mot. Dismiss at 1, n.1).

alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prevail on an equal protection claim of racial discrimination, a plaintiff must show that he was treated differently from other similarly situated individuals as a result of intentional or purposeful discrimination based on his race. *See LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). To state a violation of the Equal Protection Clause under the "class of one" theory, a plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

There are no allegations that the ATF defendants treated Tyus differently because of his race. In fact, Tyus does not mention his race in the Amended Complaint. Furthermore, he has not alleged that he was treated differently than other similarly situated individuals. Thus, Tyus has failed to allege facts to support a plausible equal protection claim against the ATF defendants. The equal protection claim is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) .

### 4.      Fourth Amendment False Arrest and Malicious Prosecution Claims

Tyus alleges that ATF Agents Riordan, Wheeler, Turman and Thomas sought a warrant for his arrest on federal drug possession charges and filed a criminal complaint against him in federal court. The defendants argue that the false arrest and malicious prosecution claims fail to state a claim because Tyus's arrest was made pursuant to a warrant issued by a federal magistrate judge.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures shall not be violated. . . ." U.S. Const. Amend. IV. *Bivens* claims for false arrest and malicious prosecution are based on the Fourth

Amendment's right to be free from unreasonable seizures, including arrest without probable

cause. Claims for false arrest and malicious prosecution, whether brought under section 1983,

pursuant to *Bivens*, or under state law, are assessed under the laws of the state in which the

plaintiff was allegedly illegally arrested or maliciously prosecuted. *See Davis v. Rodriguez*, 364

F. 3d 424, 433 (2d Cir. 2004) ("In analyzing 1983 claims for unconstitutional false arrest, we

have generally looked to the law of the state in which the arrest occurred.") (citing cases); *El*

*Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements

of false arrest/false imprisonment under Connecticut law are essentially the same elements

needed to articulate a Fourth Amendment violation.") (citations omitted); *Davis v. United States*,

430 F. Supp. 2d 67, 79, 80 (D. Conn. 2006) (false arrest and malicious prosecution claims filed

"pursuant to § 1983 or *Bivens* are governed by state substantive law") (citation omitted).

It is well-established that the existence of probable cause is a complete defense to claims

of false imprisonment, false arrest, and malicious prosecution under both federal and Connecticut

law. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008); *Johnson v. Ford*,

496 F. Supp. 2d 209, 213 (D. Conn. 2007) (citing *Davis*, 364 F.3d at 433); *Weinstock v. Wilk*,

296 F. Supp. 2d 241, 248 (D. Conn. 2003). Probable cause only exists when police officers have

"knowledge or reasonably trustworthy information of facts and circumstances that are sufficient

to warrant a person of reasonable caution in the belief that the person to be arrested has

committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

Probable cause does not require a police officer to be certain that the individual arrested will be

prosecuted successfully. *See Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir. 1989).

Probable cause is presumed when the arrest is made pursuant to a warrant issued by a

14

neutral magistrate. *See Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007) ("Ordinarily, an

arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable

because such warrants may issue only upon a showing of probable cause."). A plaintiff can

overcome this presumption by demonstrating that his right not to be arrested without probable

cause was violated when "the officer . . . 'knowingly and intentionally, or with reckless disregard

for the truth, made a false statement . . .' or omitted material information," and where "such false

or omitted information was 'necessary to the finding of probable cause.' " *Soares v. Connecticut*,

8 F.3d 917, 920 (2d Cir. 1993) (citations omitted).

      The ATF defendants argue that the New London Police officers had probable cause to

arrest the plaintiff on March 3, 2011 because a valid arrest warrant had been issued by a federal

magistrate judge. The plaintiff concedes that an arrest warrant had been issued for his arrest on

federal criminal charges. There are no allegations that ATF Agents Riordan, Wheeler, Turman

and Thomas, to the extent they were involved in applying for the arrest warrant, materially

misled the magistrate judge to believe that probable cause existed for Tyus's arrest on a federal

drug possession charge. In addition, there are no allegations that any of the ATF defendants

knew or reasonably should have known at the time of Tyus's arrest or arraignment in March

2011, about the allegations of improper conduct by Officer Newton in the course of arrests of

other individuals that had occurred on prior occasions.

      In opposition to the motion to dismiss, Tyus contends that the affidavit filed by ATF

Agent Riordan in support of the application for the federal arrest warrant and criminal complaint

was deficient because Agent Riordan did not engage in a sufficient investigation of the

circumstances surrounding his arrest in February 2011, which was the basis for the federal arrest

warrant application.[5] (*See* Mem. Opp'n Mot. Dismiss, Doc. No. 73). Tyus did not include those allegations in the Amended Complaint. The plaintiff may not now amend his Amended Complaint by asserting new allegations regarding statements that were made in the affidavit in support of the arrest warrant in his memorandum in opposition to the motion to dismiss. *See, e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Walia v. Napolitano,* 986 F. Supp. 2d 169, 184 (E.D.N.Y. 2013); *Allah v. Poole*, 506 F. Supp. 2d 174, 193 (W.D.N.Y. 2007).

Furthermore, even if the court were to permit further amendments of the complaint to add these allegations, Tyus has not suggested that the statements in the arrest warrant affidavit were false or misleading or that material information was omitted from the affidavit. Rather, he claims that the affiant should have engaged in further investigation of the incident that led to his arrest on federal drug possession charges. An arresting officer, however, is not obligated to pursue every lead or engage in extensive fact-finding that may yield evidence beneficial to the accused. *See Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir. 1997) (once an officer has "a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); *Krause*, 887 F.2d at 372 (noting that an officer's function is to apprehend those suspected of wrongdoing and not to finally determine guilt through a weighing of evidence.).

Probable cause for Tyus's arrest on March 3, 2011, is presumed because Officers

---

[5] Tyus attaches the Affidavit in support of the application for arrest warrant and criminal complaint signed by ATF Agent Riordan as well as the Reports of Investigation signed by ATF Agents Riordan, Turman and Thomas to his opposition to the motions to dismiss filed by the ATF as well as the New London defendants. (*See* Mem. Opp'n Mot. Dismiss, Doc. No. 78-1, Exs. M, N).

Newton, Lynch, Pelchat and Marcaccio arrested him pursuant to an arrest warrant issued by a federal magistrate judge. There are no allegations that ATF Agents Riordan, Wheeler, Turman and Thomas intentionally or recklessly made false statements or material omissions in the arrest warrant affidavit to overcome this presumption. Accordingly the motion to dismiss the false arrest and malicious prosecution claims against defendants Riordan, Wheeler, Turman and Thomas is granted.

### 5. Transportation of Plaintiff to Federal Court

Tyus alleges that ATF Agents Riordan and Wheeler transported him to this court on March 4, 2011, for an initial hearing pursuant to his arrest on a federal arrest warrant for narcotics violations. There are no allegations of unconstitutional conduct in connection with the transport of Tyus to federal court on March 4, 2011. Thus, those allegations fail to state a claim of a violation of the plaintiff's federally or constitutionally protected rights. The motion to dismiss is granted with respect to the claim that defendants Riordan and Wheeler transported him to federal court.

## IV. Conclusion

All claims against defendant Harrison and the equal protection claim against defendants Riordan, Wheeler, Turman and Thomas are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Motion to Dismiss [**Doc. No. 67**] is **GRANTED** for failure to state a claim with respect to the Fourteenth Amendment due process claims and the Fourth Amendment false arrest and malicious prosecution claims against defendants Riordan, Wheeler, Turman and Thomas and the claims that defendants Riordan and Wheeler transported the plaintiff to federal court. The Motion to Dismiss [**Doc. No. 67**] is **GRANTED** for lack of subject matter jurisdiction with

respect to all federal claims for monetary damages, declaratory and injunctive relief against

defendants Wheeler, Riordan, Turman and Thomas in their official capacities and all state law

claims. Thus, all claims against defendants Harrison, Riordan, Wheeler, Turman and Thomas

have been dismissed, and those defendants are terminated from the case.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of September 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge